**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHIBU ANAEME,

      Plaintiff-Appellant,

v.

FHP OF NEW MEXICO, INC., a New
Mexico corporation; KIRSTIN
GAUTHIER, individually and in her
official capacity as Human Resources
Manager for FHP of New Mexico,
Inc.; RAY RODMAN, individually
and in his official capacity as Hiring
Supervisor for FHP of New Mexico,
Inc.; ROBERT HOLMES, individually
and in his official capacity as Hiring
Supervisor for FHP of New Mexico,
Inc.; MICHELLE WILLIAMS,
individually and in her official
capacity as Team Leader for FHP of
New Mexico, Inc.; JEFF CAMPBELL,
individually and in his official
capacity as Hiring Supervisor for FHP
of New Mexico, Inc.; LARRY
GEORGOPOULOS, individually and
in his official capacity as Clinical
Director for FHP of New Mexico, Inc.;
TALBERT MEDICAL
MANAGEMENT COMPANY,

      Defendants-Appellees.

No. 99-2076
(D.C. No. CIV-97-1243-BB)
(D. N.M.)

**ORDER AND JUDGMENT** <sup>*</sup> [*]

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Chibu Anaeme appeals the district court's order dismissing his civil rights/employment discrimination case with prejudice. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff initiated this action under Title VII, 42 U.S.C. § 1981, the New Mexico Human Rights Act, and common law (raising a claim of intentional infliction of emotional distress). In his complaint, plaintiff, a registered pharmacist in New Mexico of Nigerian origin, alleged that he applied to work for defendants and they refused to interview him and/or to hire him on the basis of his race, color, or national origin.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

Although plaintiff was initially represented, counsel withdrew and plaintiff continued pro se. Discovery stalled early in the litigation when plaintiff postponed his deposition multiple times, claiming he was seeking new counsel. Thereafter, defendants noticed his deposition several more times but he failed to appear. Plaintiff also failed to respond to defendants' written discovery requests. Defendants sought sanctions and an order compelling discovery, or, in the alternative, dismissal, attorneys' fees, and costs. On June 30, 1998, the magistrate judge issued an order sanctioning plaintiff pursuant to Fed. R. Civ. P. 37(a)(4) [1] and compelling discovery. The order directed plaintiff to respond to defendants' discovery requests within five days and to appear at a deposition within fifteen days (with at least four days' notice). He failed to comply with either dictate. Subsequently, the district court issued an order to show cause why plaintiff's case should not be dismissed "for his failure to respond to discovery requests and participate in completion of the Pretrial Order," and set a one-hour

_____

[1]      Fed. R. Civ. P. 37(a)(4)(A) provides in part that:

> If the motion [to compel] is granted . . . the court shall . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that other circumstances make an award of expenses unjust.

hearing. R., Doc. 64 at 2. Plaintiff did not appear at the show cause hearing and the district court dismissed his case with prejudice.

District courts are empowered to dismiss an action for discovery violations. See Archibeque v. Atchison, Topeka & Santa Fe Ry., 70 F.3d 1172, 1174 (10th Cir. 1995); Fed. R. Civ. P. 37(b)(2)(C). We review the district court's dismissal for abuse of discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

We have recognized that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920; see also Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) ("Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort.") (quotations and citation omitted). In Ehrenhaus, we set forth the following criteria that a district court should "ordinarily" consider on the record when employing this drastic measure: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser

sanctions." Ehrenhaus , 965 F.2d at 921 (quotations and internal citations omitted).

We explained in Ehrenhaus that "[t]hese factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." Id. Not every case will require the district court's evaluation of all the Ehrenhaus criteria, however, since "often some of these factors will take on more importance tha[n] others." Archibeque , 70 F.3d at 1175 (affirming district court's dismissal order which stated the reasons for dismissal despite court's failure to warn plaintiff of impending dismissal) (quotation omitted ).

On appeal, plaintiff contends that the trial court abused its discretion by dismissing his case "with prejudice without making a record that it considered all relevant factors which must be considered prior to a dismissal with prejudice for noncompliance with discovery." Appellant's Opening Br. at 3. Plaintiff argues that the district court failed to follow Ehrenhaus .

While plaintiff correctly states that the district court's three-paragraph dismissal order does not discuss the Ehrenhaus criteria, the record nevertheless permits meaningful review of that dismissal. Specifically, the magistrate judge's order of June 30, 1998--upon which the district court's order to show cause and dismissal order build--explicitly discussed the Ehrenhaus criteria.

The magistrate judge found that defendants were prejudiced by plaintiff's behavior because they incurred additional costs related to filing motions and were delayed in completing discovery. In addition, the magistrate judge noted that there was no justification for plaintiff's behavior nor did his pro se status excuse him from following the Federal Rules of Civil Procedure. The magistrate judge further noted that plaintiff was familiar with the litigation process (plaintiff has filed numerous other civil cases in the District of New Mexico). Last, the magistrate judge took pains to explicitly warn plaintiff that if he continued to not cooperate, his case could be dismissed under Ehrenhaus. Plaintiff failed to comply with the deadlines set forth in that order.

While the magistrate judge's order does not address all the Ehrenhaus factors, the factors discussed support dismissal under our case law. See Archibeque, 70 F.3d at 1175. In addition to inconveniencing defendants by forcing them to file countless motions and to renotice his deposition, plaintiff flouted the Federal Rules of Civil Procedure, the magistrate judge's June 30, 1998 order, and the district court's order to show cause. He also failed to respond to many of defendants' motions. We conclude that the district court did not abuse its discretion in dismissing plaintiff's case with prejudice. On this record, "the aggravating factors outweigh the judicial system's strong predisposition to resolve

-6-

cases on their merits" and dismissal is an appropriate sanction. <u>Meade</u>, 841 F.2d at 1521 n.7.

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge