**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SANFORD B. SCHUPPER,

      Plaintiff-Appellant,

  v.

WILLIAM EDIE; ROBYN CAFASSO;
JEANNE SMITH; DAVID ZOOK;
LINDA DIX, in their individual and
official capacities; ANN KAUFMAN,

      Defendants-Appellees.

No. 05-1156
(D.C. No. 04-MK-351 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

      Sanford B. Schupper, proceeding pro se on appeal as he did in the district court, appeals the district court's dismissal of his action. We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.

Mr. Schupper initiated his district court lawsuit with a 38-page complaint containing 292 paragraphs, plus 120 pages of exhibits. The magistrate judge struck the complaint for violating Fed. R. Civ. P. 8(a), particularly Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The court gave Mr. Schupper until July 12, 2004, and then until October 4, to file an amended complaint that complied with Rule 8(a). Three days after the deadline, on October 7, Mr. Schupper filed a motion for a further extension of time to file his amended complaint. On December 16, he tendered an amended complaint that the district court received but did not file.

The magistrate judge found that Mr. Schupper had not established excusable neglect for failing timely to file either his amended complaint or a request for another extension. He recommended that Mr. Schupper's motion for further time be denied. The district court accepted the recommendation and granted defendants' motion to dismiss the action because Mr. Schupper had failed to file an amended complaint within the deadline. The court then denied Mr. Schupper's motion for reconsideration. Mr. Schupper appeals both the dismissal of his action and the denial of his motion for reconsideration.

**II.**

**A.**

Mr. Schupper first argues that the district court erred in dismissing his original complaint. We review a district court's dismissal of a complaint under Rule 8(a) for abuse of discretion. *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993). "When reviewing for an abuse of discretion, the district court's decision is overturned only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1231 (10th Cir. 2005) (quotation omitted).

Although a pro se litigant's pleadings are entitled to a liberal construction, he must follow the rules of federal procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The policy behind Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit*, 507 U.S. 163, 168 (1993) (quotation omitted).

Having reviewed Mr. Schupper's original complaint, we cannot say that the district court abused its discretion in striking it. The complaint does not give the defendants fair notice of Mr. Schupper's claims. As the magistrate judge noted, it "is overly long, prolix, vague, confusing and sometimes unintelligible." R. Doc. 103 at 7. It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct

-3-

plaintiff's causes of action. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371-72 (10th Cir. 1989); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1281, at 709 (3d ed. 2004).

**B.**

Mr. Schupper also challenges the district court's refusal to grant him any further extensions to file an amended complaint. Under Fed. R. Civ. P. 6(b)(2), where a party moves after a deadline for an extension of time to do some required act, the district court may grant the extension by finding "the failure to act was the result of excusable neglect." We also review this decision for abuse of discretion. *See Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005).

In determining whether a movant has shown excusable neglect, courts consider the circumstances, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993) (stating factors in context of "excusable neglect" test of Bankruptcy Rule 9006(b)); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir.1995) (applying *Pioneer* definition in Rule 6(b) context).

The district court considered each of the applicable factors and concluded that Mr. Schupper had failed to show excusable neglect for filing his amended complaint or at least filing his motion for further time prior to his October 4 deadline. For the same reasons given by the district court, we conclude that the district court's finding of no "excusable neglect" was not an abuse of discretion.

**C.**

Next, Mr. Schupper argues that the district court erred in dismissing the action. Essentially, the court dismissed the action because Mr. Schupper had failed to comply with its order to file an amended complaint in a timely manner, leaving nothing to adjudicate. A district court may dismiss an action for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This court also reviews such dismissals for abuse of discretion. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

A court generally should consider certain criteria before dismissing a complaint under Rule 41(b), including "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (quotations and alteration omitted). The district court briefly discussed the first three factors in connection with the motion for additional time (the same order in which it dismissed the action), stating,

-5-

"[a]lthough there is little danger of prejudice to Defendants, the Plaintiff has delayed filing his Amended Complaint by more than five months from the July 12 deadline–and more than two months from the October 4 deadline–and the fault for such delay lies with him." R. Doc. 156 at 8.

We have upheld an order of dismissal even where the district court did not explicitly consider each factor on the record. *See Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995). Here, the district court did consider the majority of the requisite factors, and its decision is supported by the record. We find no abuse of discretion.

**D.**

Finally, Mr. Schupper contends the court erred in denying his motion for reconsideration. As with the other issues in this appeal, we review for abuse of discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Mr. Schupper's motion essentially reiterated his arguments as to excusable neglect in greater detail and with further explanation. For the same reasons that the court did not abuse its discretion in dismissing the action, the court also did not abuse its discretion in denying Mr. Schupper's motion for reconsideration.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge