NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1473

ROCKY MOUNTAIN TECHNOLOGY ENGINEERING COMPANY, LLC,

Plaintiff-Appellant,

v.

HUTCHENS INDUSTRIES, INC.,

Defendant-Appellee.

Steven R. Schumacher, Godfrey & Lapuyade, P.C., of Englewood, Colorado, for plaintiff-appellant.

Randall E. Hendricks, Rouse Hendricks German May, PC, of Kansas City, Missouri, for defendant-appellee. With him on the brief was Bryan T. White.

Appealed from: United States District Court for the District of Colorado

Judge Marcia S. Krieger

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1473

ROCKY MOUNTAIN TECHNOLOGY ENGINEERING COMPANY, LLC,

Plaintiff-Appellant,

v.

HUTCHENS INDUSTRIES, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the District of Colorado in case no. 05-CV-01153, Judge Marcia S. Krieger.

_____

DECIDED: February 8, 2008

_____

Before GAJARSA, LINN, and DYK, Circuit Judges.

DYK, Circuit Judge.

Plaintiff-Appellant Rocky Mountain Technology Engineering Company ("RMTEC") appeals from a decision of the United States District Court for the District of Colorado dismissing its patent infringement suit for failure to prosecute. We conclude that the district court did not abuse its discretion in dismissing the action, and we affirm.

BACKGROUND

On June 21, 2005, RMTEC filed this case against defendant-appellee Hutchens Industries, Inc. ("Hutchens"), claiming infringement of U.S. Patent No. 5,620,195 ("'195 patent"). The '195 patent concerns a locking system for the sliding undercarriage of a semitrailer. On October 26, 2005, Hutchens filed its answer, as well as a counterclaim alleging that the '195 patent is invalid and unenforceable. On April 19, 2006, as a result of a scheduling conference, an order was issued setting various deadlines for filing

motions and reports and concluding discovery. The district court issued an order the same day scheduling a final pretrial conference for May 22, 2007, with trial scheduled to begin on August 20, 2007. RMTEC did not object to any of these deadlines.

RMTEC learned on April 28, 2006, that its patent counsel had decided to withdraw from the case due to "a disagreement between RMTEC and [patent counsel] as to the appropriate course of action that should be taken in this case." However, a motion to withdraw was not filed until June 30, 2006. The district court granted the motion on August 23, 2006. RMTEC was still represented by its local counsel, Barry A. Schwartz. In the parties' joint status report and request for a Markman hearing, filed on July 3, 2006, RMTEC indicated that it might need additional time to prepare for such a hearing in order to locate substitute patent counsel, but did not request an extension of any deadlines previously set by the court.

There is no claim that RMTEC failed to comply with the established deadlines before September 2006. However, after patent counsel withdrew, RMTEC failed to file any expert disclosures on September 1, 2006, and subsequently failed to serve a rebuttal expert report by the October 1, 2006, deadline, deadlines set by the April 2006 scheduling order. Hutchens filed a motion for summary judgment on October 17, 2006.

On October 25, 2006, RMTEC for the first time filed a motion requesting extensions of time on the dates set by the scheduling order. It requested that: (1) the October 1, 2006, deadline to serve rebuttal expert reports, be extended to November 15, 2006;[1] (2) the November 1, 2006, deadline to respond to Hutchens's discovery requests, be extended to December 1, 2006; and (3) the November 9, 2006, deadline to

---

[1] No extension of the missed September 1, 2006, deadline was requested.

respond to Hutchens's motion for summary judgment, be extended to December 11, 2006. RMTEC stated that it had "found new counsel to prosecute this case, but those attorneys are reluctant to enter appearances with certain deadlines looming so soon." Plaintiff's Motion To Extend Certain Deadlines at 2, Rocky Mountain Tech. Eng'g Co. v. Hutchens Indus., Inc., No. 05-cv-01153 (D. Colo. Oct. 25, 2006). On November 2, 2006, the district court granted all three requested extensions, subject to the condition that "new patent counsel enters an appearance on the Plaintiff's behalf no later than November 13, 2006." J.A. at 77. The court's order stated, "No further extension of any discovery deadline or of the deadline for responding to the summary judgment motion will be granted." Id.

Nonetheless, on November 9, 2006, RMTEC filed a second motion to extend the same three deadlines, and to extend the deadline for new patent counsel to enter an appearance from November 13, 2006, to December 13, 2006. The district court denied RMTEC's motion on the same day it was filed. New patent counsel did not enter an appearance for RMTEC by November 13, and therefore the original deadlines were reinstated. As a result, RMTEC failed to meet the October 1, November 1, and November 9 deadlines. RMTEC also failed to comply with a November 17, 2006, deadline to file a designation of claims, claim terms to be construed, and witnesses to be called at a Markman hearing.

On December 6, 2006, RMTEC's remaining counsel filed a motion to withdraw, citing "[a]n irreconcilable conflict" with RMTEC.[2] RMTEC also filed a motion to stay the

---

[2] This motion was never acted on, because the district court dismissed the case before addressing it.

case for seventy-five days in order to retain new patent counsel. The court scheduled a hearing for April 20, 2007, to address all pending motions.

At that hearing, the district court reviewed the history of the case, noting that "as of this date there has been no substitution of counsel, no new counsel has entered an appearance, and apparently the entire 75-day period that was requested has been wasted. . . . The requested extensions of time, although not formally granted by the Court, have long since passed, and the plaintiff has done nothing." J.A. at 9. The judge stated that under these circumstances she was inclined to dismiss RMTEC's claim with prejudice for failure to prosecute. After conferring together, the parties stated to the court that they were close to reaching a settlement agreement, and requested three weeks to work out the details. The district judge granted this request, stating that she would "go ahead and enter a dismissal order today and stay its effectiveness for 30 days." J.A. at 13. The parties ultimately were unable to reach a settlement agreement, and the district court's order dismissing the case became effective on May 21, 2007. RMTEC timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

A dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b)[3] is a procedural issue not unique to patent law, which we review under regional circuit law. Mitutoyo Corp. v. Cent. Purchasing, LLC, 499 F.3d 1284, 1290 (Fed. Cir. 2007). The Tenth Circuit reviews a dismissal with prejudice under Rule 41(b) for abuse of

---

[3] Although the district court referred, both in the hearing and in the dismissal order, to Rule 41(a)(2), which governs voluntary dismissal by court order, the record is clear and the parties agree that the dismissal was based on RMTEC's failure to prosecute this case, and was therefore a dismissal under Rule 41(b).

discretion. Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "An abuse of discretion occurs when a district court makes 'a clear error of judgment or exceed(s) the bounds of permissible choice in the circumstances,'" by relying upon "an erroneous conclusion of law or upon clearly erroneous findings of fact." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007).

A district court is permitted, as the court in this case did, to dismiss an action sua sponte for failure to prosecute. Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Before dismissing an action with prejudice under Rule 41(b), in the Tenth Circuit a district court "ordinarily should consider" a nonexhaustive list of five factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Ecclesiastes, 497 F.3d at 1143. The court should ordinarily evaluate these factors on the record, and should dismiss only "when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" Id. at 1144 (citation omitted); see also Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

RMTEC argues that the district court abused its discretion because it did not explicitly consider each of the five factors listed above. We disagree. Although the district court did not explicitly recite the factors, the Tenth Circuit does not require such a recitation. It has reversed dismissals with prejudice when a district court's failure to consider the factors supporting such a dismissal "does not permit [the court] to make an informed decision of whether the trial court adequately considered the criteria relevant

to deciding the appropriate sanction." Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994) (reversing Rule 41 dismissal when district court's three-paragraph order did not consider any criteria at all); see also Procter & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005) (reversing Rule 37 dismissal when record did not permit "any meaningful review of the trial court's decision"). However, in the closely related area of sanctions for discovery noncompliance, the Tenth Circuit applies the same five-factor test to determine whether dismissal with prejudice is appropriate,[4] and has made clear that even when the factors are not recited, reversal is not required. In Archibeque v. Atchison, Topeka, & Sante Fe Railway Co., 70 F.3d 1172 (10th Cir. 1995), the district court dismissed the case with prejudice for discovery violations, noting in its order that the failures were not mere oversight; that the defendant was irreparably prejudiced; and that the plaintiff's conduct seriously interfered with the judicial process. Id. at 1174. The Tenth Circuit affirmed, noting that although "the court did not evaluate the [five] factors on the record," it "made clear the reasons for its dismissal of the action in its Order, and its decision [was] fully supported by the record." Id. at 1175. In this case, the district court did consider most if not all of the five relevant five factors at the April 20, 2007, hearing. With respect to each of the five factors, the record supports the district court's decision to dismiss.

With regard to the first factor, the district court extensively discussed the delay caused by RMTEC's failure to retain new patent counsel and to meet the deadlines of October 1, November 1, November 9, and November 17. While the district court did not

---

[4]    See Mobley, 40 F.3d at 340 (finding "no principled distinction" between dismissals with prejudice based on Rule 37 and Rule 41).

explicitly discuss prejudice, the Tenth Circuit has recognized that such delays are inherently prejudicial to a defendant, who "has a legitimate interest in bringing the matter to closure within a reasonable time." Rogers, 502 F.3d at 1152; see also Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993) (finding that "the Plaintiffs have prejudiced the Defendants by causing delay and mounting attorney's fees").

The second factor, interference with the judicial process, is satisfied when a plaintiff "ignore[s] court orders and . . . hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." Jones, 996 F.2d at 265. Here, RMTEC allowed several deadlines to pass without requesting extensions of time. Even when extensions were granted, these new deadlines were not met. The district court noted that, despite the court's statement in its November 2 order that no further extension of deadlines would be granted, RMTEC one week later filed a second motion seeking further extensions; that "[i]t has been almost a year since the plaintiff recognized [it] needed new patent counsel, and [it has] not gotten new patent counsel," J.A. at 9; and that the case was not ready to proceed to final pretrial conference or trial as scheduled. Consistent with Jones, these findings support the conclusion that RMTEC's actions in this case interfered with the judicial process.

The third factor, the litigant's culpability, was addressed by the district court's findings. The district court clearly found that RMTEC was responsible for its failure to prosecute the case, noting that the party had allowed nearly a year to pass, from the time that RMTEC learned in April 2006 that patent counsel planned to withdraw to the date of the April 2007 hearing, without finding substitute patent counsel, and that it had "wasted" the 75-day period it requested in order to retain new counsel and assist that

counsel in "getting up to speed" in the case. J.A. at 8-9. RMTEC argues that the district court itself is to blame for the delay, because the court did not provide sufficient time for any new counsel to prepare and prosecute the case. But here there were missed deadlines long before RMTEC requested an extension to secure new counsel.

Even in a case where an extension request was properly filed, the Tenth Circuit rejected a similar argument. In Jones, the plaintiffs argued that they were not at fault for failing to retain replacement counsel, because the district court had denied a motion to extend discovery deadlines by sixty days. 996 F.2d at 265. The Tenth Circuit found that this did not mitigate their culpability because they "ha[d] not shown that any law firm would represent them had the sixty-day extension been granted," and had only offered an unsigned agreement specifying that a particular lawyer would represent them if certain other conditions were met. Id. Here, RMTEC offered only a general statement in its January 23, 2007, motion that "a local law firm has expressed an interest in stepping in on behalf of RMTEC in the event this Court agrees to extend the pending deadlines." J.A. at 104-05. Furthermore, although this prospective counsel attended the April 20, 2007, hearing and was invited by the court to comment, he offered no indication that he would be willing, even conditionally, to represent RMTEC in this action. In light of these facts, we cannot say that the district court's finding of culpability was clearly erroneous.

As to the fourth factor, we note that notice is not required in all cases. See Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962) ("Nor does the absence of notice as to the possibility of dismissal . . . necessarily render such a dismissal void."); Ecclesiastes, 497 F.3d at 1149 (stating that "notice is not a prerequisite for dismissal"). In any event,

even if the warning of potential dismissal in the April 19, 2006, scheduling order is read as not encompassing the previously scheduled deadlines, the district court here did provide notice. After notifying the parties that it was inclined to dismiss under Rule 41, the court provided RMTEC an opportunity to present argument with regard to such dismissal. Also, the court stayed the dismissal order for thirty days to provide RMTEC an opportunity to request "further relief or modification of [the] order." J.A. at 17. No such request was made.

Finally, the fifth factor directs courts to consider whether lesser sanctions, such as dismissal without prejudice, would be effective. Here the district court did not simply grant dismissal because of the missed deadlines. First the court conditionally extended three deadlines, one of which RMTEC had already missed, to permit RMTEC time to secure new counsel. See Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988) (court should have considered pending motion to extend before dismissing when no previous extensions had been granted). Additionally, the court imposed the lesser sanction of staying the dismissal order for thirty days to allow the parties to reach a settlement agreement or request "further relief or modification of [the] order." J.A. at 17. The district court was aware of the possibility of dismissing the action without prejudice, and concluded that such a sanction would not be appropriate. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007) (dismissal without prejudice or partial dismissal are possible alternative sanctions).

Because the district court explicitly considered most of the relevant factors and the record as to each of the five factors supports dismissal, we conclude that the court did not abuse its discretion in dismissing the case with prejudice.

2007-1473                                         9

## CONCLUSION

For the foregoing reasons, the district court's decision is <u>affirmed</u>.

## COSTS

No costs.