**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL HOWARD TILLEY,

        Plaintiff-Appellant,

v.

JACK CHOATE, Sheriff; DERRELL
SUMMERS, Undersheriff; OKFUSKEE
COUNTY SHERIFF'S DEPARTMENT;
CREOKS MENTAL HEALTH
SERVICES; WANDA MANOS;
NORTHVIEW APARTMENTS;
TRAVELENE FISH; THOMAS DODDS,

        Defendants-Appellees.

No. 12-7016
(D.C. No. 6:10-CV-00429-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Paul Howard Tilley, proceeding pro se, appeals the district court's dismissal of

his civil rights and state-law tort claims for failure to state a claim under 28 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1915(e)(2)(B)(ii), and also appeals the district court's subsequent dismissal of the action as a sanction for discovery abuse under Fed. R. Civ. P. 37 (b)(2)(A)(v). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Filing pro se, Tilley initiated this action in Oklahoma in November 2010. He was granted leave to proceed *in forma pauperis* and permitted to amend his complaint after the district court determined that his complaint failed to establish a basis for federal jurisdiction. Tilley subsequently filed an amended complaint and a second amended complaint. As best we can construe his initial and amended pleadings, Tilley's civil rights action derives from an alleged altercation that occurred when he went to the Okfuskee County Sheriff's Department in Oklahoma to file a complaint concerning the inadequate investigation into the death of a friend.

As we understand the nature of the complaint, during the encounter Undersheriff Derrell Summers became upset with Tilley and beat his forehead against Tilley's cap, attempting to provoke a fight. Tilley was thereafter physically assaulted and placed in handcuffs by Summers and Sheriff Jack Choate. Meanwhile, he called out to others at the sheriff's department to contact his apartment manager, Travelene Fish, and advise her of the situation. He was taken to Creoks Mental Health Services (Creoks) where he was briefly evaluated by Wanda Manos and diagnosed with schizophrenia and paranoia. Tilley refused medical treatment and was released from custody.

In his second amended complaint, Tilley asserted a claim of assault and battery, against Summers, and claims of use of excessive force, false arrest, and false imprisonment against both Choate and Summers. He also asserted claims of defamation of character, intentional infliction of emotional distress, and conspiracy against Choate, Summers, Manos, and Fish, whom he claimed conspired to have him diagnosed with a mental health condition. Additionally, he alleged that Thomas Dodds, whom Tilley had hired to prepare his first amended complaint, conspired with his co-defendants to draft the complaint so poorly that the cause of action would be dismissed. And he alleged that defendants Okfuskee County Sheriff's Department, Creoks, and Northview Apartments should be held accountable for the actions of their employees.

In February 2011, pursuant to § 1915(e)(2)(B)(ii), the district court dismissed Tilley's claims of defamation, intentional infliction of emotional distress, and conspiracy for failure to state a claim upon which relief can be granted, thereby dismissing defendants Manos, Fish, Dodds, Creoks, Okfuskee County Sheriff's Department, and Northview Apartments. But it found that Tilley's allegations of assault and battery, excessive use of force, false arrest, and false imprisonment against Choate and Summers were sufficient. Tilley attempted to appeal the district court's partial dismissal of his claims to this Court, but we dismissed the appeal in May 2011 for lack of appellate jurisdiction.

The litigation proceeded against Choate and Summers but was thwarted by discovery issues. Tilley responded to defendants' discovery requests, but certain responses were allegedly deficient. Among those deficiencies, Tilley refused to sign releases for medical records unless ordered to do so by the district court. And he indicated in his responses that there was an alleged recording of the incident but did not produce any such recording. After defendants' efforts to obtain revised and supplemented responses from Tilley failed, defendants sought the district court's intervention in November 2011 by filing a motion to compel discovery. In a minute order, the district court granted defendants' motion to compel, advising Tilley that failure to comply with the court's order could result in sanctions, including the dismissal of the case. Tilley, however, did not comply.

On defendants' motion to dismiss Tilley's remaining claims for failure to comply with the district court's discovery order, and after a hearing on the matter, the district court dismissed the action in February 2012.

## II. Discussion

Tilley appears to raise two issues on appeal: 1) Choate and Summers are not entitled to immunity for claims of assault and battery, use of excessive force, false arrest, and false imprisonment; and 2) defendants Okfuskee County Sheriff's

Department, Creoks, Manos, Fish, Dodds, and Northview Apartments should be "reinstated." Aplt. Opening Br. at 3.[1]

As to the first issue, in his opening brief to this court, Tilley argues the merits of his claims against defendants Choate and Summers, providing factual allegations in support of his claims and some citation to case law. But nowhere in his brief does he address the fundamental issue leading to the dismissal of these claims: the failure to comply with the district court's discovery order and the court's resulting sanction of dismissal. Although we are mindful that because Tilley is proceeding pro se we must view his pleadings liberally, we will not serve as his advocate in constructing arguments on his behalf or in searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Defendants contend that Tilley has waived all issues on appeal due to inadequate briefing. We agree. Under Fed. R. Civ. P. 37(b)(2)(A)(v), a district court may issue an order dismissing the action if a party fails to obey an order to provide or permit discovery. "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make," and, therefore, we review the district court's decision to dismiss the action for abuse of discretion.

---

[1] Based on our review of the record, defendants-appellees Okfuskee County Sheriff's Department, Creoks, Manos, Fish, Dodds, and Northview Apartments were not served a summons in the district court action, given the district court's order dismissing them and directing service only upon defendants-appellees Choate and Summers. On appeal, only Choate and Summers have entered their appearances and filed a response brief.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Accordingly, the appropriate issue on appeal is whether the district court's choice of dismissal as a sanction was a permissible exercise of its discretion. But Tilley's brief wholly fails to address this issue and therefore he has waived it. *United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002) ("[A]rguments not briefed on appeal are waived.").

We note, however, that dismissal of an action for discovery violations is permissible and has been affirmed where, as here, a party withholds evidence. *See Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174-75 (10th Cir. 1995) (withholding of medical information in action for personal injuries was sufficient to justify sanction of dismissal); *see also Ehrenhaus*, 965 F.2d at 921-22 (sanction of dismissal upheld where party disobeyed court order to appear at scheduled deposition).

As to his argument concerning the merits of his claims against Choate and Summers, Tilley's brief is inadequate to raise any issue for appellate review. He has not claimed any error by the district court or provided any argument. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("[I]ssues will be deemed waived if they are not adequately briefed."), *modified on rehr'g*, 319 F.3d 1207 (10th Cir. 2003); *Garrett*, 425 F.3d at 841 (noting that "conclusory allegations with no citations to the record or any legal authority for support" will result in a waiver on appeal); *see also* Fed. R. App. P. 28.

Turning to the second issue on appeal, to the extent that Tilley appeals the district court's order dismissing his claims of defamation, intentional infliction of emotional distress, and conspiracy, as with the first issue, Tilley does not address any error by the district court in dismissing the claims under § 1915(e)(2)(B)(ii).  Instead, in his argument to "reinstate" defendants Okfuskee County Sheriff's Department, Creoks, and Northview Apartments, he claims, with some citation to case law, that they are municipalities responsible for the actions of their employees and not entitled to absolute immunity.  In support of his argument to reinstate Choate, Summers, Manos, Fish, and Dodds, he asserts factual allegations in support of both of his conspiracy claims against these defendants.

But again, he does not explain how or why the district court erred in dismissing the claims, or support any argument with citation to the record or case law.  We conclude Tilley has waived any argument on appeal.  *See Utahns for Better Transp.*, 305 F.3d at 1175; *Garrett*, 425 F.3d at 841.

### III.  Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

- 7 -