FILED
United States Court of Appeals
Tenth Circuit

July 1, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN McNAMARA,

        Plaintiff - Appellant,

v.

GEORGE BRAUCHLER;
CHRISTOPHER OPFER; FRANCINE
GONZALEZ; MITCHELL
MORRISEY; C. STEPHEN HOOPER;
JOHN GLEASON; WILLIAM
ROBERT LUCERO; APRIL
McMURREY; MONICA GOMEZ; and
LAWRENCE BOWLING,

        Defendants - Appellees.

No. 13-1534
(D.C. No. 13-CV-01117-MSK-BNB)
(D. of Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

John McNamara initiated an action in federal district court against

numerous state officials, alleging violations of his constitutional rights in

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

connection with attorney disciplinary proceedings brought against him by the Office of Attorney Regulation Counsel (OARC), an administrative body appointed by the Colorado Supreme Court. After rejecting McNamara's initial complaint, the United States magistrate judge recommended that McNamara's amended complaint be dismissed with prejudice because it did not contain "a short and plain statement" of the claim or a demand for relief, as required by Rule 8 of the Federal Rules of Civil Procedure, and as a sanction for McNamara's failure to follow court orders. The district court adopted the magistrate judge's recommendation, dismissing the complaint with prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

The OARC brought a disciplinary prosecution against McNamara for his failure to pay court-ordered spousal and child support. The presiding disciplinary judge suspended McNamara's law license for three months. McNamara appealed the decision to the Colorado Supreme Court, which dismissed the appeal.

McNamara sought redress in federal court. His initial complaint contained 169 pages and covered a wide variety of unrelated subjects—including an alleged conspiracy among Colorado judges and district attorneys to prevent litigants from obtaining discoverable material, complaints about the prosecution and adjudication of his traffic tickets, and allegations that he was being improperly investigated and prosecuted by the state bar's Attorney Regulation Counsel. The magistrate judge found that the complaint "includes inappropriate legal and

factual arguments, conclusory allegations of wrongdoing, irrelevant and immaterial statements, and *ad hominem* attacks against the defendants and others." R. at 10. The judge further held that, because the complaint fails to articulate precisely McNamara's claims or identify the actions or inactions of each defendant, the complaint "utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8." *Id.* at 11. He ordered McNamara to submit an amended complaint along with instructions to help McNamara avoid having his complaint dismissed. Specifically, the judge instructed McNamara to state separately each claim, identify the defendant against whom the claim is brought, and avoid conclusory allegations, irrelevant statements, and *ad hominem* attacks.

McNamara subsequently tendered his amended complaint, which was 132 pages in length and riddled with the same problems as the initial complaint. After McNamara responded to an order to show cause, the magistrate judge recommended that McNamara's complaint be dismissed for failure to comply with the Federal Rules of Civil Procedure, local court rules, and the judge's orders. McNamara objected to the recommendation, and the district court conducted a de novo review of the magistrate judge's recommendation. The court overruled McNamara's objections and dismissed his claims with prejudice.

On appeal, McNamara argues the district court should not have dismissed his complaint as a sanction and that his complaint complied with the pleading requirements of Rule 8.[1]

We review a district court's decision to impose the sanction of dismissal for abuse of discretion. *Davis v. Miller*, 571 F.3d 1058, 1060–61 (10th Cir. 2009). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). Although McNamara proceeds *pro se*, he is not entitled to have his filings liberally construed because he is a trained attorney. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).[2]

---

[1] McNamara also alleges the district court should have accepted his second amended complaint. Because McNamara did not amend his complaint "as a matter of course" within 21 days of serving the initial complaint nor obtain the court's leave to file a second amended complaint, the court was not required to accept his second amended complaint. *See* Fed. R. Civ. P. 15(a). McNamara also takes issue with the fact that the district court initially accepted the second amended complaint for filing before revoking its status as "filed." But, because a court may correct its own clerical mistakes, Fed. R. Civ. P. 60(a), there was no error in the court's actions.

[2] *Mann* and other cases from this circuit concern *licensed* attorneys proceeding *pro se*. Of course, McNamara is no longer a licensed attorney, as he was disbarred in 2013. Nevertheless, the purpose behind affording a liberal construction to *pro se* filings—which is to assure adequate review of claims brought by non-legally trained individuals—would not be furthered by construing McNamara's filings liberally. We see no reason to hold McNamara to a less stringent standard than other legally trained individuals.

Before choosing dismissal as a sanction, a court must consider several factors, including

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (alterations and citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*

After reviewing the record, we conclude that the district court did not abuse its discretion in dismissing the complaint. As to the first factor, we find that McNamara's failure to comply with Rule 8 of the Federal Rules of Civil Procedure—which requires a "short and plain statement" of the plaintiff's claim—actually prejudiced the defendants. The purpose behind Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks omitted). "It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *See Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006). We agree with the district court that the amended complaint contains much

"distracting and irrelevant detail" and "would force the Defendants to carefully comb through more than a hundred pages to ascertain which of the several hundred paragraphs contain pertinent allegations to which a response is warranted."  R. at 1001.

We agree that the remaining *Ehrenhaus* factors favor sanctioning McNamara by dismissing his complaint.  McNamara's submission of an amended complaint in violation of the applicable procedural and court rules and the magistrate judge's direct orders interfered with the judicial process.  McNamara's submission of a 132-page amended complaint that contained the same problems cited by the magistrate judge also demonstrates that McNamara did not make a good faith attempt to comply with the magistrate judge's order.  Further, the magistrate judge warned McNamara on two occasions that failure to comply with his orders would result in dismissal.  Finally, the magistrate judge attempted to assist McNamara in complying with pleading requirements and court rules before recommending dismissal as a sanction.  McNamara does not ask for a lesser sanction, and we see no abuse of discretion in sanctioning McNamara by dismissing this action.

We AFFIRM the district court's denial of McNamara's objections and the

dismissal of his complaint with prejudice.  We DENY McNamara's request to proceed *in forma pauperis*.

                    ENTERED FOR THE COURT,

                    Per Curiam