**Terry W. MOBLEY, Plaintiff–Appellant,**

v.

**Richard McCORMICK, C.E.O. of U S West, Inc.; Gary Ames, President of U S West Communications, Inc.; Chris Coles; Robert Hawk; Dan Sutherland; U S West Communications, Inc., a Colorado Corporation, Defendants–Appellees.**

No. 94–1278.

United States Court of Appeals, Tenth Circuit.

Nov. 14, 1994.

Terry W. Mobley, on the brief pro se.

Jerry R. Atencio, Englewood, CO, on the brief, for defendants-appellees.

Before TACHA, BRORBY and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Terry Mobley, a pro se litigant, appeals the decision of the district court dismissing his race discrimination lawsuit. Our jurisdiction arises under 28 U.S.C. § 1291 and we reverse and remand.

Mr. Mobley initially filed a lawsuit in Colorado State Court complaining of various forms of racial discrimination under Title VII. After the case was removed to federal court in January 1993 (No. 93–F–126), various disputes arose over discovery issues and over the relationship between Mr. Mobley and his counsel. A hearing was thereafter held before a magistrate judge who, on November 10, 1993, recommended that the case be dismissed without prejudice pursuant to Rule 37(b)(2)(C) based on the plaintiff's willful and repeated noncompliance with the Federal Rules of Civil Procedure and orders of court. The magistrate judge also recommended that if the matter were to be refiled, Mr. Mobley must: (1) be represented by counsel; (2) prepay his counsel; and (3) pay all amounts previously owed by Mr. Mobley to his attorneys and the defendant. The district court adopted the recommendation in its entirety.

In March 1994, Mr. Mobley filed the present complaint in federal court (No. 94–F–905) without complying with the conditions imposed at the time of the dismissal of the first complaint. On May 12, 1994, the district court, pursuant to a motion filed by defendants, dismissed the second action with prejudice under Rule 12(b)(6), reasoning that Mr. Mobley's failure to comply with the conditions of the court's earlier order dismissing the first law suit was tantamount to a failure to state a claim upon which relief could be granted.

On appeal, Mr. Mobley raises eight issues. Seven of the issues he appeals relate to the trial court's dismissal of the first action. The eighth issue is phrased in general terms, merely alleging "Plaintiff no[w] comes before the Court to appeal the district court's order, dated May 12, 1994."

### A.

With respect to the seven issues relating to the district court's dismissal of the first lawsuit, we must make the threshold determination of whether those issues are properly before us on appeal. Specifically, we must decide whether the district court's order dismissing the first action without prejudice constituted an appealable final order. If so, then we have no jurisdiction to review those claims because Mr. Mobley's notice of appeal is untimely under Rule 4(a). *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) (timely filing of a notice of appeal is "mandatory and jurisdictional"). If, however, the district court's order was interlocutory in nature and nonappealable, then we may review those claims.

Precedent establishes the rule that in determining whether an order of dismissal is appealable, we must examine whether the district court dismissed the complaint or the action. *See Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir.1979). A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), *see Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033 (10th Cir. 1975), while a dismissal of the entire action is ordinarily final.

In *Petty*, we stated the focus must necessarily be on "the district court's intent in issuing its order." *Petty*, 591 F.2d at 617. In that case, the district court dismissed a pro se civil rights complaint without prejudice as a sanction under Rule 41(b). We concluded the district court intended to dismiss the action, rather than simply the complaint, and therefore, found the order appealable. *Id.* In the present case, the district court dismissed Mr. Mobley's entire case,

albeit without prejudice, as a Rule 37(b)(2) sanction. Although the dismissal was without prejudice, we believe the district court's clear intent was to dismiss the entire case and to permit Mr. Mobley to file a new action only upon compliance with certain conditions. Accordingly, we believe the district court's order dismissing the first action was an appealable final judgment. Mr. Mobley's failure to file a timely notice of appeal relative to that action means we are without jurisdiction to consider the claims relating to that action. Accordingly, we consider only whether the district court properly dismissed Mr. Mobley's second action for noncompliance with the terms of the initial dismissal order.

### B.

■ It is important to understand the nature of the district court's order dismissing this action. We cannot agree with the district court's determination that this complaint should have been dismissed under Rule 12(b)(6) for failure to state a claim. The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir.1991). Mr. Mobley's complaint, which we construe liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), is clearly sufficient to withstand a Rule 12(b)(6) motion.

■ Rather, the avowed basis for the district court's decision to dismiss this action was that the "Plaintiff has failed to abide by the Order [dismissing the first lawsuit]." *See* Order of May 12, 1994, at 1. Thus, the district court's rationale for dismissing this lawsuit was noncompliance with the conditions of the dismissal of the first lawsuit. This is, in substance, an involuntary dismissal pursuant to Rule 41(b)[1] and not a dismissal for failure to state a claim. Therefore, we will not elevate form over substance and we will treat the order of dismissal as a Rule 41(b) involuntary dismissal. We review the imposition of sanctions under an abuse of discretion standard. *Cf. National Hockey*

League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam) (Rule 37(b)(2) sanctions reviewed for abuse of discretion); *accord M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir. 1987).

■ In *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir.1992), we affirmed a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37(b)(2)(C). We first reaffirmed our statement in *Meade v. Grubbs,* 841 F.2d 1512 (10th Cir.1988), that "[b]ecause dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as a 'weapon of last, rather than first, resort.'" *Id.* at 1520 n. 6 (citations and internal quotations omitted). We then stated that a trial court considering Rule 37 sanctions "should ordinarily" consider various criteria "on the record" prior to dismissing a complaint. *Ehrenhaus,* 965 F.2d at 921. These criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (internal citations omitted).

■ Although *Ehrenhaus* dealt with sanctions for misconduct under Rule 37 relative to the discovery process, we cited the five criteria set out in that decision with approval in *Jones v. Thompson,* 996 F.2d 261, 264 (10th Cir.1993). *Jones* involved a district court's order dismissing the plaintiffs' complaint with prejudice "for noncompliance with court orders." *Id.* at 262. The decision in that case relied upon three different rules of civil procedure: Rule 16(f), Rule 37(b)(2) and Rule 41(b). *Id.* at 264. *Jones'* partial reliance on Rule 41(b), coupled with the fact that we see no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders, leads us to conclude that

---

1. Rule 41(b) vests the district courts with discretion to dismiss an action "[f]or failure of the

plaintiff to prosecute or to comply with ... any order of court." Fed.R.Civ.P. 41(b).

Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.

 Unfortunately, the record on appeal contains no indication the trial court considered these criteria.[2] The short, three-paragraph order merely recites Mr. Mobley failed to comply with the conditions contained in the order dismissing the original suit and concluded this case should be dismissed. The actions of the district court were simply not consonant with the dictates of *Jones* and *Ehrenhaus*. The trial court's failure to evaluate and weigh these relevant factors prohibits this court from engaging in any meaningful review of the trial court's decision. Accordingly, we must hold this failure amounts to an abuse of discretion. Moreover, due to the severity of the sanction actually imposed, we are particularly concerned with the trial court's failure to consider whether a lesser sanction would be appropriate in order to achieve the purposes behind sanctioning a recalcitrant litigant. *See Jones*, 996 F.2d at 265 ("[D]ismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective.").

We therefore reverse the judgment of the district court and remand this case for such other and further action as may be just and proper in accordance with this opinion. In so doing, we intimate no opinion as to what the decision of the trial court should be on remand. All we hold here is that the present state of the record does not permit us to make an informed decision of whether the trial court adequately considered the criteria relevant to deciding the appropriate sanction in this case, and if so, whether the decision was within the broad zone of permissible discretionary rulings vested in the district court.

We recognize pro se litigants place great burdens on the judicial system. Nevertheless, all litigants have a right to have their cases decided under the applicable law which, in this case, is embodied in *Jones* and *Ehren-*

haus. The crux of the holdings in those cases is trial courts should not dismiss cases without first considering all significant aspects of the decision to dismiss. Accordingly, we **REVERSE** the district court's order imposing the sanction of dismissal with prejudice and we **REMAND** the case for further proceedings not inconsistent with this decision.

---

2. At most, the district court considered two of these criteria, namely, Mr. Mobley's culpability and whether he was on notice that dismissal was a potential sanction. No mention was made as to any countervailing considerations, such as the degree of actual prejudice to the defendants and the efficacy of lesser sanctions, nor was there a finding as to the interference *vel non* with the judicial process as a whole.