**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

HOUSSAM ELSOUEISSI, an
individual,

      Plaintiff-Appellant,

v.

DENNY'S, INC., a California
corporation,

      Defendant-Appellee.

No. 97-5030
(D.C. No. 96-CV-832-H)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Houssam Elsoueissi commenced this action to enforce various statutory and common-law employment rights on September 11, 1996. Defendant Denny's, Inc., secured an extension to answer through October 22, 1996, on which date it filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff obtained an extension to respond through November 19, 1996. When he had not responded as of November 26, 1996, defendant moved for default. The district court deemed the Rule 12(b)(6) motion confessed and summarily dismissed the case with prejudice. Within ten days, plaintiff sought relief under Fed. R. Civ. P. 60(b), which was denied on December 12, 1996. Following an unsuccessful request for reconsideration, plaintiff appealed. Because the Rule 60(b) motion tolled the appeal period until December 12, 1996, see Fed. R. App. P. 4(a)(4)(F), the notice of appeal filed Monday, January 13, 1997, secures our jurisdiction over both the denial of that motion and the underlying order of dismissal.

Although issued in the context of Rule 12(b)(6), the order under review is properly deemed an involuntary "sanction" dismissal under Fed. R. Civ. P. 41(b), rather than a disposition based on the legal sufficiency of the complaint. See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994); see, e.g., Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir. 1988); see also Security Nat'l Bank v. John Deere Co., 927 F.2d 519, 521 (10th Cir. 1991). We review for an abuse of discretion, see Mobley, 40 F.3d at 340, and reverse.

"[A] dismissal with prejudice is clearly a severe sanction reserved for extreme circumstances." Meade, 841 F.2d at 1520. "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of LAST, rather than FIRST, resort." Id. at 1520 n.6 (citations and quotations omitted). Thus, prior to imposing such a sanction, the district court must ordinarily consider, on the record, several factors designed to caution against premature or unreflective resort to this ultimate penalty. See Mobley, 40 F.3d at 340.

> These criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

Id. (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).

Here, as in Mobley, the "record on appeal contains no indication the trial court considered these criteria." Id. at 341. The summary order of dismissal, prepared by defendant for the judge's signature, simply recounts plaintiff's failure to file a timely response to the pending Rule 12(b)(6) motion and, with no further elaboration, dismisses the action with prejudice.[1] The facial inadequacy of this order would suffice to warrant reversal. Id. at 341; see, e.g., Ruplinger v. Rains

---

[1]    The court's subsequent orders relate to matters of excuse specific to plaintiff's request for relief from judgment under Rule 60(b), and thus do not cure the distinct deficiencies in the order of dismissal discussed above.

(In re Rains), 946 F.2d 731, 733-34 (10th Cir. 1991); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988) (collecting cases reflecting this court's "reluctance to affirm [dismissal sanctions] . . . where the district court's findings did not make specific reference to [the pertinent factors]").

However, the sanction imposed is not just unsubstantiated as an expository matter. Even if the district court had explicitly invoked the pertinent factors, we would still be constrained to reverse because "[w]e are convinced that the circumstances here clearly did not justify dismissal of [plaintiff's] action with prejudice." Meade, 841 F.2d at 1520-21.

Two points in particular, relevant to the first three factors cited above, weigh heavily in plaintiff's favor: dismissal is ordinarily unwarranted on the basis of "isolated incidents of noncompliance," Ocelot, 847 F.2d at 1465; Smith v. United States, 834 F.2d 166, 171 (10th Cir. 1987); see, e.g., DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991); Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988), especially when the incident causes minimal delay at an early stage of the litigation, see, e.g., Meade, 841 F.2d at 1521, 1522; Hollis v. United States, 744 F.2d 1430, 1433 (10th Cir. 1984). Further, our record reveals no specific warning from the court that an automatic dismissal with prejudice was impending. While it appears plaintiff shares responsibility with counsel for missing the operative deadline, that was also the case in Meade,

where we nevertheless held that, given the alignment of the remaining factors in favor of the plaintiff--essentially replicated here--dismissal was an abuse of discretion. Meade, 841 F.2d at 1521-22. Finally defendant's reliance on Green v. Dorrell, 969 F.2d 915 (10th Cir. 1992) is misplaced. In upholding a dismissal in Green, this court took pains to distinguish Meade, see Green, 969 F.2d at 918, and, for the reasons set out therein as well as those discussed above, we see the present case as falling squarely on the Meade side of that dichotomy.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge