**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND HERSCHEL JOHNSON,
SR.,

      Plaintiff-Appellant,

v.

DR. SIMENA CHRISTOPHER; DR.
FLOYD; and DR. JAY KHARL,

      Defendants-Appellees.

No. 07-7011
(D.C. No. CIV-06-482-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Raymond Johnson, an inmate in the custody of the Oklahoma Department

of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 in the United

States District Court for the Eastern District of Oklahoma. While difficult to

discern the nature of his claim, as best we can tell Mr. Johnson doesn't agree with

Oklahoma prison medical staff who continue to deem him incompetent to stand

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial. The relief he seeks, however, is abundantly clear, immediate release and ten million dollars in damages.

The district court dismissed the case *sua sponte* for improper venue pursuant to 28 U.S.C. §§ 1406(a) & 1391(b). The district court did so after observing that Mr. Johnson is incarcerated at the Oklahoma Forensic Center in Vinita, Oklahoma, a facility located in the Northern District of Oklahoma; all of the defendants likewise are citizens within the Northern District; and all of the events alleged occurred there. Simply put, the district court found no basis whatsoever for venue in the Eastern District. While dismissing Mr. Johnson's suit, the district court emphasized that its dismissal was without prejudice[1] and identified for Mr. Johnson the Northern District as the appropriate jurisdiction to hear his complaints.

---

[1] After the district court filed its order dismissing the complaint, it entered judgment against Mr. Johnson, stating, "[c]ase dismissed because proper venue does not lie in the Eastern District of Oklahoma." Docket Entry 10 (Judgment in a Civil Case, Feb. 2, 2007) (emphasis added). A court's dismissal of the entire action, even if termed a dismissal without prejudice, is a "final decision" for the purposes of 28 U.S.C. § 1291, and thus we have jurisdiction to hear this appeal. *See Moya v. Schollenbarger*, 465 F.3d 444, 448-49 (10th Cir. 2006) ("[I]n this circuit, 'whether an order of dismissal is appealable' generally depends on 'whether the district court dismissed the *complaint* or the *action*. A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.'" (quoting *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994))).

Mr. Johnson appeals to us arguing, in essence, that the district court erred by failing to render a decision on the merits of his case.[2] Construing his *pro se* filings liberally, as we are constrained to do, *see Andrews v. Heaton*, __ F.3d __, 2007 WL 1180423, at *3 (10th Cir. Apr. 23, 2007), we understand Mr. Johnson as challenging the district court's dismissal of his suit in lieu of transferring it to the Northern District of Oklahoma.

In assessing such a challenge, we are obliged to begin by acknowledging a district court's authority under 28 U.S.C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). This procedure is appropriate where "the defense is obvious from the facts of the complaint and no further factual record is required to be developed," and "only if it is clear that the plaintiff can allege no set of facts to support . . . venue." *Id.* (internal quotations, citation, and alteration omitted).[3] We have no doubt that these conditions and

---

[2] Mr. Johnson also filed a separate document styled "Writ of Mondane-Prohabitum" in this court. The Clerk dismissed what she took to be an application for a writ of mandamus for failure to prosecute but indicated that this panel would consider the merits of Mr. Johnson's application as part of this appeal. *See* May 2, 2007 Order, No. 07-7019. Accordingly, we treat the materials in that separate case file as if they were filed in the matter now before us.

[3] Even though improper venue is an affirmative defense that may be waived, we have looked to the purposes of Section 1915(e) and determined that it is nevertheless proper for a district court to dismiss a case where the "'claim's factual backdrop clearly beckons the defense.'" *Trujillo*, 465 F.3d at 1217

(continued...)

rationales are met here. Venue is clearly inappropriate in the Eastern District because no defendant resides in the Eastern District and no events were alleged to have taken place in the Eastern District. *See* 28 U.S.C. § 1391(b).

To be sure, the district court had the discretion not only to dismiss but also to transfer Mr. Johnson's case. *See Doering ex rel. Barrett v. Copper Mtn., Inc.*, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001) ("The district court had the authority either to dismiss or transfer the case for improper venue or lack of personal jurisdiction."). But Section 1406(a) indicates that the district court "shall dismiss" a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer. The district court evidently did not find that requisite met, and we review its conclusion on this score for abuse of discretion. *Cf. Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) (applying separate venue regulation) ("In civil cases, the question of whether a litigant has brought an action in the proper court is a question of law, while the question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion and reviewed for abuse of discretion only." (internal quotation omitted)).

In the facts and circumstances of this case, we discern no such abuse given that the suit was filed in such an obviously improper venue. Additionally, Mr.

---

[3](...continued)
(quoting *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995)); *see also id.* at 1216.

Johnson offers us no reason to believe that an injustice will result from the dismissal as opposed to a transfer by, say, operation of a statute of limitations upon his claims.  *See generally Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (pointing to loss of "a substantial part of [plaintiff's] cause of action under the statute of limitations" as "a typical example of the problem [Congress] sought to [avoid]" in enacting § 1406).  Indeed, Mr. Johnson, albeit acting *pro se*, offers us no reason whatsoever that the district court abused its discretion in dismissing the case, and our own review of the record reveals none.

For all these reasons, we affirm the district court's dismissal of this case. We also grant Mr. Johnson's motion to proceed on appeal without prepayment of filing fees, and we remind him that he is obligated to continue making partial payments until the entire fee has been paid.  *So ordered*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge