FILED
United States Court of Appeals
Tenth Circuit

August 31, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DONALD GEE,

        Plaintiff - Appellant,

v.

MIKE PACHECO, in his official
capacity as Wyoming Department of
Corrections State Penitentiary Unit
Manager; VANCE EVERETT, in his
official capacity as (former) Warden,
Wyoming Department of Corrections
State Penitentiary; CARL
VOIGTSBERGER, in his official
capacity as Wyoming Department of
Corrections State Penitentiary
Classification and Housing Manager;
SCOTT ABBOTT, in his official
capacity as Warden, Wyoming
Department of Corrections State
Penitentiary; RONALD G.
RUETTGERS, in his official capacity
as Associate Warden, Wyoming
Department of Corrections State
Penitentiary; T. HILL, in his official
capacity as Sergeant, Wyoming
Department of Corrections State
Penitentiary; NADIN SHAH, in his/her
official capacity as Sergeant, Wyoming
Department of Corrections State
Penitentiary; DAVID EVERETT, in his
official capacity as Correction Officer,
Wyoming Department of Corrections
State Penitentiary; BRIAN WISEMAN,
in his official capacity as Correction
Officer, Wyoming Department of
Corrections State Penitentiary;

No. 12-8005
(D.C. No. 2:06-CV-00029-NDF)
(D. Wyo.)

DESIREE LOPEZ, in her official capacity as Mail Room Officer, Wyoming Department of Corrections State Penitentiary; LENNY STILLWELL, in his official capacity as Sergeant, Wyoming Department of Corrections State Penitentiary; GARRY HALTER, in his official capacity as Lieutenant, Wyoming Department of Corrections State Penitentiary; S. KELLEY, in his official capacity as Corporal, Wyoming Department of Corrections State Penitentiary; JOHN COYLE, in his official capacity as physician to the Wyoming State Penitentiary,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Almost two years ago, we held that Donald Gee might have plausible

§ 1983 claims and remanded his case to the district court with instructions to give

Mr. Gee "*an* opportunity to amend his allegations with respect to those claims."

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Gee v. Pacheco*, 627 F.3d 1178, 1182 (10th Cir. 2010) (emphasis added). Since then, Mr. Gee has had multiple opportunities to file an amended complaint, but has failed to do so. To be sure, he did file three motions for extension of time. The first two were granted, but on August 26, 2011 the magistrate judge denied Mr. Gee's latest extension request. And then, on October 21, 2011, the district court entered an Order to Show Cause why his case shouldn't be dismissed for failing to comply with the latest deadline. In response, Mr. Gee offered the same reasons he had previously offered in support of his motions for more time: he was untrained in law, his legal materials were confiscated in June, and prison officials were acting unlawfully to keep him from pursuing his claim. The district court found none of these arguments persuasive and, on January 3, 2012, dismissed his case for failure to comply with its prior deadlines. *See* Fed. R. Civ. P. 41(b).

Now called to review that decision, we may reverse only if we discern an abuse of discretion. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). And we discern none. Before us as before the district court, Mr. Gee insists that prison officials "confiscated" his detailed notes, among other "essential legal materials." But the evidence shows that prison policy permitted Mr. Gee to choose which legal materials to keep in his cell, so long as they fit in a two-cubic foot tote. And we have previously deemed this policy reasonable. *See Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992). Further, the district

court found Mr. Gee had an opportunity to choose which files to keep based on the prison officials' affidavits and corroborating documentation, including a property inventory and a notices of confiscation form. *See* Record (Doc #108) at 880-96. Our review suggests no basis on which we might disturb this factual finding.

Separately, Mr. Gee contends he was wrongfully denied appointment of counsel under 28 U.S.C. § 1915. But the appointment of counsel in a civil case lies in the discretion of the court and is reviewed for the abuse thereof. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Some factors relevant to deciding whether to appoint counsel are "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (citation omitted). The magistrate judge in this case assessed these factors and concluded that Mr. Gee is a competent *pro se* litigant based on his litigation experience and successful appeal to our court in 2010. While the plight of the *pro se* litigant — particularly one in prison — is not an easy one, neither can we say the magistrate judge's application of existing precedent to Mr. Gee's case was in error.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge