FILED
United States Court of Appeals
Tenth Circuit

April 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY LEE CHILDS,

      Plaintiff-Appellant,

v.

GEO GROUP, INC.; DAVID MILLER,
Warden; BILL GIBSON, Warden;
MELISSA HALVORSON, Medical
Admin; S. STOUFFER, Nurse/Pharmacy
Supervisor; CAPT JONES, Captain of
Security; MR. CROSS, Case Mgr.,

      Defendants-Appellees.

No. 12-6184
(D.C. No. 5:12-CV-00322-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Terry Lee Childs is a prisoner of the State of Oklahoma appearing pro se. He

appeals from the dismissal of his civil rights complaint for failure to pay the filing

fee. We reverse and remand with directions.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Another of Mr. Childs' civil rights suits is also pending on appeal (No. 12-6075) and is relevant to our consideration of this appeal. We review the history of both cases only to the extent necessary to decide the fee issue in this case.

On April 29, 2010, Mr. Childs filed a civil rights complaint and a motion for leave to proceed in forma pauperis (IFP) in *Childs v. Miller*, D.C. No. 5:10-CV-00439-HE. The district court granted Mr. Childs' motion to proceed IFP in the district court, but ultimately dismissed the complaint without prejudice on February 17, 2012. Mr. Childs' notice of appeal and motion for reconsideration were entered on the docket on March 20. On March 22, the district court denied the motion for reconsideration. On April 27, Mr. Childs filed a motion for leave to proceed IFP on appeal in the *Miller* case, No. 12-6075.

Meanwhile, on March 23, 2012, Mr. Childs filed the complaint in the case before us. He also filed a motion for leave to proceed IFP in the district court. On April 2, the magistrate judge entered a Report and Recommendation (R&R) recommending that Mr. Childs' motion for IFP be denied because his trust account statement showed that he had enough money to prepay the $350.00 filing fee. R. at 28. The magistrate judge suggested giving Mr. Childs twenty-one days to pay the filing fee or his complaint would be dismissed without prejudice. *Id.*

On April 27, 2012, Mr. Childs filed a combined response in the *Miller* case to orders from both of his cases. First, he sought leave to amend his notice of appeal in

- 2 -

the *Miller* case to include the district court's order denying his motion for reconsideration. In addition, he asked for an extension of time in which to file an amended complaint and pay the district court filing fee in this case, explaining that he was in segregation and was unable to complete the paperwork to authorize the payment or amend his complaint.

On May 15, 2012, the district court granted the motion for IFP on appeal in *Miller*, ordering Mr. Childs to make an initial partial appellate fee payment of $102.29 by June 1. Also on May 15, the district court entered an order in this case, noting Mr. Childs' response to the magistrate judge's R&R filed in the *Miller* case and granting him until June 11 to amend his complaint and pay the district court filing fee of $350.00. R. at 30-31, 33-34.

On May 18, an entry was made on the docket sheet in the *Miller* case showing that Mr. Childs had paid the entire filing fee of $455.00 for the appeal, No. 12-6075. But Mr. Childs did not file an amended complaint in this case, and no payment toward the filing fee is reflected on the docket for this case. On June 18, the district court entered an order dismissing the complaint in this case without prejudice, stating that Mr. Childs had failed to pay the filing fee by the June 11 deadline. *Id.* at 36. Mr. Childs timely filed a notice of appeal, which stated that the "full filing fee was remitted by . . . prison officials to the Court Clerk's Office prior to June 1st 2012." *Id.* at 37.

## II. Discussion

Under Rule 41(b), a district court may dismiss an action, sua sponte, if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (finding that despite the Rule's language, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"). Generally, "'Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.'"[1] *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994)). When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) ("[A] district court may, without abusing its discretion, enter [a Rule 41(b) dismissal without prejudice] . . . without attention to any particular procedures."). We review for abuse of discretion a district court's Rule 41(b)

---

[1] The *Ehrenhaus* factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992) (citations and quotation omitted).

dismissal of a complaint for failure to comply with a court order. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003).

Mr. Childs argues on appeal that prison staff mishandled the disbursement to be made against the fees in his two cases. He asserts that he directed staff to pay the district court filing fee in full for this case, and make only a partial appellate filing fee payment in *Miller*, as he had been ordered to do. Instead, the appellate filing fee in *Miller* was paid in full, and no payment was made toward the district court filing fee in this case, which led to its dismissal.

We conclude that the district court abused its discretion in dismissing the complaint in this case. On May 15, 2012, the court entered an order in each of Mr. Childs' cases regarding IFP, ordering him to pay a total of $453.29 for both cases. Mr. Childs timely paid $455.00, but the payment was applied only to the *Miller* appeal instead of being divided between Mr. Childs' two cases. This is not what the district court ordered or intended.[2]

The judgment of the district court is reversed, the complaint is reinstated, and the case is remanded with directions to apply $350.00 of Mr. Childs' $455.00 payment to the district court filing fee for this case. Mr. Childs' motion for leave to

---

[2]    The district court's fee order in *Miller* may have been misread because it said in the first paragraph that Mr. Childs "shall be required to pay the full $455.00 filing fee as set forth hereafter." Miller R. at 207. It was in the second paragraph of the order that Mr. Childs was actually directed to pay only $102.29 as an initial partial appellate filing fee.

proceed in this appeal without prepayment of costs or fees is granted. He is reminded that he must continue making partial payments until the $455.00 fee is paid in full.

Entered for the Court

Mary Beck Briscoe
Chief Judge