FILED
United States Court of Appeals
Tenth Circuit

October 9, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KEITH E. FRAZIER,

     Plaintiff - Appellant,

v.

P. FLORES, 2 Unit Manager, CCCF;
P. PACHECO, Chief of Unit
Management, CCCF; C. AMATO,
Correctional Officer, CCCF; P.
CORONA, Correctional Officer,
CCCF; A. HARRIS, Correctional
Officer, CCCF; SMELSER, Warden,
CCCF; R. SELMAN, Assistant
Warden, CCCF; A. DECESARO, Step
3 Grievance Officer, CDOC,

     Defendants - Appellees.

No. 13-1240
(D.C. No. 1:13-CV-00891-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

---

     Mr. Frazier, an inmate appearing pro se, appeals from an order of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court dismissing his civil rights action pursuant to Fed. R. Civ. P. 41(b). The district court found that Mr. Frazier failed to comply with an April 8, 2013, order of the magistrate judge directing Mr. Frazier to cure a deficiency in his complaint within thirty days, and dismissed his complaint without prejudice on May 15, 2013.

Because Mr. Frazier's postage account at the Crowley County Correctional Facility is more than $300 in arrears, he is limited to $2.00 per month for legal postage. On April 1, 2013, Mr. Frazier sent a letter to the magistrate judge stating he was unable to serve copies of his complaint on each defendant due to the limit.[1] On May 2, 2013, in response to the magistrate's order to cure, Mr. Frazier wrote a letter to the district court expressing confusion as to which form to file, and requesting clarification and an extension of the thirty-day deadline. Due to the mailing limit, this letter was not received until June 4, 2013.

On May 18, 2013, after his claim was dismissed, Mr. Frazier wrote a letter to the district court judge claiming he was unable to comply with the magistrate's order due to the limit on his legal postage. The court received this letter on June 4, 2013. In it Mr. Frazier claimed that after mailing four previously delayed letters on May 1, his allotment for that month was used, and he was unable to communicate with the court until June 1, 2013. He claimed that the postage limit violated his right of access to the courts.

---

[1] This letter was filed on April 5, 2013.

We review a district court's Rule 41(b) dismissal for failure to comply with a court order for abuse of discretion. Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003). Neither the district court nor the magistrate judge acknowledged these three letters or Mr. Frazier's mailing limit. Thus, we cannot tell whether the court considered the limit or chose to disregard it in stating Mr. Frazier "has failed to respond in any way to [the magistrate's] April 8 order."

Without clarification of whether the district court knew of Mr. Frazier's inability to communicate with it, we are precluded from meaningful review. Cf. Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994). The restriction placed on Mr. Frazier very well could limit his ability to comply with the court order. See Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) ("Before choosing dismissal as a just sanction, a court should ordinarily consider . . . the culpability of the litigant."). While we do not comment on the merits of Mr. Frazier's "right of access" argument, unreasonable restraints on a prisoner's ability to mail legal documents may violate that right. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977).

The district court should consider these issues on remand.

REVERSED and REMANDED. Mr. Frazier's motion to proceed in forma pauperis on appeal is GRANTED. Mr. Frazier is reminded, however, that he

remains obligated to continue making partial payments toward the filing fee until it is paid in full.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge