FILED
United States Court of Appeals
Tenth Circuit

April 25, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WENDELL JAY MOSIER,

    Plaintiff–Appellant,

v.

JAMES FARREN; AMY RHOADES;
CULPABLE AGENTS; TXOAG TITLE
VII CSED; CAROLINE WOODBURN;
LANA KING (KEMPER); JOHN TERRY,

    Defendants–Appellees.

No. 17-1310
(D.C. No. 1:17-CV-01144-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    Wendell Jay Mosier appeals the district court's dismissal for improper venue

of his pro se 42 U.S.C. § 1983 complaint.[1] We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mosier is pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But we don't act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

# BACKGROUND

Mosier is an inmate in the Potter County Detention Center in Amarillo, Texas. He filed pro se a 42 U.S.C. § 1983 complaint in the United States District Court for the District of Colorado. Each defendant was a Texas resident.

Mosier claimed that Texas denied him due process and violated his double-jeopardy rights by filing a criminal non-support charge for child-support arrearages he assertedly had already paid in full. He claimed that the resulting judgment led Texas to garnish his wages and deplete his savings account.

The magistrate judge, in an order to show cause, asked Mosier to explain why the action shouldn't be dismissed or transferred for improper venue.

Mosier then filed a document titled "Amendment to Relief Sought." R. at 65. In it, he claims "a significant loss of property in the form of lost wages as a resident of Colorado." *Id.* The following day, he filed a response to the show-cause order titled "Cause to Proceed in the Current Venue." *Id.* at 69. In that document, he stated that a substantial part of the property relevant to his claim involves wages and bank accounts based in Colorado.

The district court sua sponte determined that venue was improper, finding that "Mosier's assertion regarding wages and bank accounts in Colorado do not [sic] demonstrate that a substantial part of property that is the subject of the [complaint] is situated in Colorado." *Id.* at 77. The court also found that "because it appears that [] Mosier's claims are barred by the *Rooker-Feldman* doctrine[,]" transfer to a district with venue wouldn't be in the interest of justice. *See* 28 U.S.C. § 1406(a).

2

So the district court dismissed the case without prejudice for improper venue and entered judgment by separate order. *See id.*; 28 U.S.C. § 1391(b). This appeal followed.

## DISCUSSION

On appeal, Mosier makes the same argument that he did below: that Texas violated his constitutional rights through its child-support proceedings. He fails to address the controlling issue—whether the district court incorrectly dismissed his complaint for improper venue.[2] But construing his pleadings liberally we turn to that argument, first addressing whether venue was improper, and then, whether the district court erred by dismissing, rather than transferring, the case.

We review de novo whether venue was proper (because that determination is an interpretation of the venue statute). *See Pierce v. Shorty Small's of Branson Inc.,* 137 F.3d 1190, 1191 (10th Cir. 1998). And we review for abuse of discretion a district court's decision to dismiss, rather than transfer, a case. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007).

**A. Was Venue Proper**

28 U.S.C. § 1391(b) provides that, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[2] Instead, he lambasts the district court for making "no decisions based on any of the material facts," and not "consider[ing] any grounds for relief" other than "jurisdiction." Appellant's Opening Br. at 9.

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C § 1391(b). And as the district court determined, it's undisputed that all the defendants reside in Texas, eliminating § 1391(b)(1) as enabling venue in Colorado.[3] And because venue would be proper in another district, § 1391(b)(3) isn't a potential avenue to venue.

Thus, the only possible route to venue lies in § 1391(b)(2), which establishes that venue is proper in a judicial district in which a substantial part of the events relevant to the action occurred, or where a substantial part of property that is the subject of the action is situated. And below, though recognizing that substantial parts of the relevant *events* occurred in Texas, Mosier argued that the relevant *property* was "taxable wages" and "Federal Bank accounts," which presumably are located in Colorado.[4] R. at 71. But Mosier's claim is about Texas state court proceedings and against Texas residents. *C.f. Coando v. Payne*, 127 F. App'x 418, 419 (10th Cir. 2005) ("[A] review of [the] complaint clearly establishes that all of the alleged events giving rise to his claims occurred in [a different state]."). So the district court was correct to reject Mosier's vague references to garnished wages and emptied bank accounts. And venue was improper in the District of Colorado.

---

[3] Mosier agreed that "[t]his provision would place the venue in the Federal District Court in Amarillo[,] Texas." R. at 70. But he further stated that the "local judiciary" is biased against him. *Id.*

[4] He also claimed that Colorado is his true place of residence, arguing he spent relatively little time in Texas since 1999. The plaintiff's domicile doesn't factor into the venue analysis.

4

**B. Was Dismissal, Rather Than Transfer, Proper**

Where it is "in the interest of justice," a district court shall transfer an improperly filed case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). But Mosier "offers us no reason to believe that an injustice will result from the dismissal as opposed to a transfer by, say, operation of a statute of limitations upon his claims." *Johnson*, 233 F. App'x at 854. And Mosier offers us no other reason that the district court abused its discretion in dismissing the case. Nor does our review of the record reveal any. *See id.* ("In the facts and circumstances of this case, we discern no such abuse given that the suit was filed in such an obviously improper venue."). Thus we find no abuse of discretion.

**CONCLUSION**

We affirm the district court's dismissal of this case. We also grant Mosier's motion to proceed on appeal without prepayment of filing fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge

5