**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL O'KANE,

     Plaintiff - Appellant,

v.

MEAD JOHNSON NUTRITION CO.,

     Defendant - Appellee.

No. 19-5047
(D.C. No. 4:18-CV-00273-CVE-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Daniel O'Kane appeals from the district court's dismissal of his employment

lawsuit and denial of his post-judgment motion for relief from the judgment.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

After Mead Johnson Nutrition Co. terminated O'Kane's employment, he

brought suit in Oklahoma state court under the Americans with Disabilities Act

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

(ADA) and the Age Discrimination in Employment Act (ADEA). Mead Johnson removed the case to federal court and moved to dismiss because the complaint didn't establish that O'Kane had filed a timely, verified charge with the Equal Employment Opportunity Commission (EEOC) before pursuing his claims. Mead Johnson acknowledged that the administrative-exhaustion requirement isn't jurisdictional, but instead it pressed failure to exhaust as an affirmative defense. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

O'Kane responded that he had perfected an EEOC charge and was issued a right-to-sue letter. He further stated that his complaint originally had been filed in state court and met state pleading requirements, but if given an opportunity to amend, he could meet federal pleading standards. He requested that the court deny the motion, or in the alternative, grant him leave to amend his complaint.

Mead Johnson's reply again questioned whether O'Kane had filed a timely, verified charge. To that end, it attached the EEOC's file on O'Kane's allegations, which contained an intake questionnaire and a letter from the EEOC directing O'Kane to review, sign, date, and return an enclosed charge, but not a signed and dated charge. Believing that no charge existed, Mead Johnson urged the district court to deny leave to amend as futile.

The district court held that both the ADA and the ADEA require O'Kane to exhaust his administrative remedies before filing suit. It found the complaint deficient because it failed to allege that O'Kane had complied with the exhaustion requirement, but granted O'Kane leave to file an amended complaint pleading

2

exhaustion, with directions to attach a copy of a perfected EEOC charge. O'Kane, however, failed to respond to the court's order. After his deadline passed with no action, Mead Johnson moved for an order terminating the case. The district court granted the motion and dismissed the case without prejudice for failure to comply with its earlier order.

A week later, O'Kane moved for relief under Fed. R. Civ. P. 59 and 60. He argued that because exhaustion of administrative remedies isn't a jurisdictional issue, the district court erred in determining that it must be pleaded in a complaint. He further stated that his failure to respond to the court's order was due to mistake, inadvertence, surprise, or excusable neglect by his attorneys, whose firm "had a significant splinter" while the motion to dismiss was pending and underwent a move around the time of the court's order. Aplt. App. at 99. Mead Johnson opposed the motion.

The district court denied the post-judgment motion, noting O'Kane's "case was dismissed when he failed to file an amended complaint in compliance with a deadline set by the Court." *Id.* at 110. The court further determined that O'Kane had failed to show excusable neglect in failing to respond to its order.

**DISCUSSION**

Because the district court dismissed O'Kane's case for failure to comply with its order to replead, we treat the decision as a Fed. R. Civ. P. 41(b) dismissal. *See* Fed. R. Civ. P. 41(b) (permitting the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order"); *Mobley v.*

*McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (reviewing dismissal as one under Rule 41(b) rather than under Rule 12(b)(6)). We review a Rule 41(b) dismissal for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). That deferential standard of review also applies to the denial of Rule 59 and Rule 60 motions. *See Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 789 (10th Cir. 2013).

O'Kane argues that he wasn't required to plead exhaustion and, alternatively, that Mead Johnson cured any defect in the complaint by attaching the EEOC file to its reply. But these arguments focus on the propriety of the district court's order to replead. The district court dismissed the suit because O'Kane didn't *respond* to its order. It further declined to grant relief from the judgment because O'Kane didn't satisfy the standards of Rule 59(e) or establish excusable neglect under Rule 60(b)(1).

Yet O'Kane's opening brief ignores the basis for the district court's dismissal. By failing to argue how the district court abused its discretion in dismissing his suit for failure to respond and failing to challenge the court's reasons for denying post-judgment relief, including its finding of no excusable neglect, O'Kane has forfeited those arguments. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). Given this forfeiture, we can reverse only by creating O'Kane's arguments for him, which we aren't willing to do. *See Greenlaw v. United States*, 554 U.S. 237, 244 (2008) ("[A]s a general rule, our adversary system is

4

designed around the premise that the parties . . . are responsible for advancing the facts and arguments entitling them to relief." (brackets and internal quotation marks omitted)); *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1227 (10th Cir. 2015) ("We are not . . . in the business of making arguments for the parties."). Because O'Kane fails to contest the district court's dismissal of his case for failure to comply with its order, we do not need to address the merits of the court's order to amend.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge

5